# IN THE UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF UTAH

| | |
|---|---|
| **STATE FARM FIRE/CASUALTY COMPANY A/S/O AMY FORSGREN,** <br><br> **Plaintiff,** <br><br> vs. <br><br> **RYOBI AMERICA CORPORATION ONE WORLD aka TECHTRONIC INDUSTRIES (TTI GROUP),** <br><br> **Defendant.** | **MEMORANDUM DECISION AND ORDER** <br><br> Case No. 1:25-CV-145-DAK-JCB <br><br> Judge Dale A. Kimball <br><br> Magistrate Judge Jared C. Bennett |

This matter is before the court on Defendants TTI Outdoor Power Equipment, Inc. ("TTI-OPE") and TTI Consumer Power Tools, Inc. (TTI-CPT") Motion to Dismiss State Farm's Complaint for failure to state a claim upon which relief can be granted pursuant to Federal Rule of Civil Procedure 12(b)(6) [ECF No. 8]. On April 23, 2026, the court held a hearing on the motion. At the hearing, Plaintiff State Farm was represented by Jefferson S. Cannon, and Defendants were represented by Rachel S. Bragg, Christopher C. Yearout, and Zachary E. Peterson. The court took the motion under advisement. After considering the parties' arguments and the law and facts relevant to the pending motion, the court issues the following Memorandum Decision and Order.

## BACKGROUND

Plaintiff State Farm Fire/Casualty Company filed a bare-bones, two-page Complaint. The Complaint states that Defendants "engaged in the business of manufacturing, distributing and selling batteries and their component parts in Utah." Compl. ¶ 5. "On or about November 12, 2023, the battery and its components malfunctioned at a neighboring residence, causing damage

[sic] the residence and personal property of Amy Forsgren." *Id.* ¶ 6. "The Plaintiff is the surety for Amy Forsgren and is subrogated to the claims of Amy Forsgren against Defendant for damages." *Id.* ¶ 7. That is the sum total of the factual allegations in the Complaint.

The Complaint states two causes of action against Defendants: (1) product liability; and (2) Negligence. The Complaint seeks damages for $122,444.44 for damages to Amy Forsgren's home and personal property, plus $1,153.00 for the repayment of the insurance deductible. Defendants removed this case from Utah state court.

## DISCUSSION

### <u>Defendants' Motion to Dismiss</u>

Defendants move to dismiss Plaintiff's Complaint for failure to state plausibly viable claims under Federal Rule of Civil Procedure 12(b)(6). "To survive a motion to dismiss, a complaint must contain sufficient factual matter, accepted as true, to state a claim to relief that is plausible on its face." *Aschroft v.* Iqbal, 556 U.S. 662, 667 (2009). A plaintiff must "plead factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Id.* A "formulaic recitation of the elements of a cause of action" or conclusory allegations are not enough. *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007).

Plaintiff's one sentence description of the incident does not refer to what battery is alleged to have malfunctioned, nor does it state anything else about the incident in question. Not included in the Complaint is that some sort of battery sold by Defendants caused a fire. That type of information is necessary factual context to include in the Complaint. Defendants are entitled to know what type of battery was involved and how it is alleged to have caused the fire. Plaintiff does not need to allege an alternative design for the product, but Plaitniff must identify the product and at least provide enough facts to support its conclusory allegation that the product

2

was designed improperly and/or malfunctions. The Complaint fails to allege any facts supporting its two causes of action.

### 1. Products Liability Claim

Claims of strict liability for product defect can be brought under Utah Product Liability Act ("UPLA") on three grounds: manufacturing flaws, design defects, and/or inadequate warnings. Utah Code Ann. §§ 78B-6-701-07. The UPLA requires the plaintiff to allege facts to support: (1) that a product is unreasonably dangerous due to a defect, (2) that the defect existed when the product was sold, and (3) that the defect was the cause of the plaintiff's injuries. *Gudmundson v. Del Ozone*, 232 P.3d 1059, 1072 (Utah 2010).

Plaintiffs cause of action alleges that the "battery and its components were defective in design because they failed to perform as safely as an ordinary consumer would expect when used as intended;" "the battery and its components contained manufacturing defects, which caused it to malfunction during ordinary use and storage;" and "the battery is deemed defective because the Defendant failed to warn consumers of the particular risks associated with the foreseeable use of the battery and its components." Compl. ¶¶ 10-12.

The Complaint, however, does not state what product it alleges was defective. Identifying the product alleged to be defective is paramount to a claim. *Gudmundson*, 232 P.3d at 1070. The Complaint never states what kind of battery it is referring to; it just repeatedly refers to "the battery" and "the battery and its components."  There is no real way to assess the three ways Plaintiff claims there is product liability without knowing to which product the claims refer. Moreover, without any factual context regarding the product or the alleged fire or incident involved, all of Plaintiff's allegations are conclusory recitations of the elements of the cause of action. The allegations fail to provide any factual support and fail to meet the requirements in *Twombly and Iqbal* for stating a plausible claim under Federal Rule of Civil Procedure 12(b)(6).

### 2.  Negligence Claim

Under Utah law, a negligence claim requires the plaintiff to allege facts supporting "(1) that the defendant owed the plaintiff a duty, (2) that the defendant breached that duty, (3) that the breach was the proximate cause of the plaintiff's injury, and (4) that the plaintiff in fact suffered injuries or damages." *Hunsaker v. State*, 870 P.2d 893, 897 (Utah 1993).

Plaintiff's Complaint only recites these elements. There are no facts alleged to support the elements. The conclusory recitation of the elements does not identify how any duty to Plaintiff that may have existed was breached or how such breach was proximately caused by Defendants. The Complaint does not identify what product it claims was "prone to malfunction in a manner likely to cause property damage when used as intended." There is no factual allegation as to how the unnamed product allegedly malfunctioned or allegedly caused the property damage. These allegations, therefore, are insufficient to state a claim for relief. *See Brooks v. Mentor Worldwide LLC*, 985 F.3d 1272, 1281-82 (10th Cir. 2021).

Instead of acknowledging the Complaints core defects, State Farm merely confirms that all it thinks it needs to do is list the elements of two claims without any factual support. Without any factual content, the claims are not plausible. There is no factual support for what kind of battery was involved, whether it was part of another product or a stand-alone battery, or what type of incident occurred that caused damage to a neighboring property. Defendants are not asking for granular details such as product numbers or alternative designs. Defendants are asking for a description of what kind of battery was involved, what its intended specifications were, how it failed to perform as intended, what the allegedly insufficient warnings were, and how it allegedly malfunctioned. Plaintiff cannot survive a motion to dismiss by simply stating that Defendant can get facts in discovery. There must be enough facts in the Complaint for the claims to be plausible. A recitation of the elements without any supporting facts is not enough.

Because the Complaint does not allege facts demonstrating that the two causes of action are plausible on the face of the Complaint, the court grants Defendants' Motion to Dismiss without prejudice. Plaintiff has thirty days to file an Amended Complaint that complies with applicable pleading standards.

### CONCLUSION

Based on the above reasoning, Defendants TTI Outdoor Power Equipment, Inc. ("TTI-OPE") and TTI Consumer Power Tools, Inc. (TTI-CPT") Motion to Dismiss pursuant to Federal Rule of Civil Procedure 12(b)(6) [ECF No. 8] is GRANTED and the Complaint is dismissed without prejudice.  Plaintiff has thirty (30) days from the date of this Order to file an Amended Complaint that complies with pleading standards.

DATED this 29th day of April 2026.

BY THE COURT:

_____
DALE A. KIMBALL
UNITED STATES DISTRICT JUDGE